UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

SANTOS GUERRERO,

                              Plaintiff,

    -against-

CITY OF NEW YORK, CHRIS GOUBEAUD, Individually,
JAMES ROCHE, Individually, and JOHN and JANE DOE 1
through 10, Individually, (the names John and Jane Doe being
fictitious, as the true names are presently unknown),

                              Defendants.

------------------------------------------------------------------------X

**COMPLAINT**

Docket No.

**Jury Trial Demanded**

      Plaintiff SANTOS GUERRERO, by his attorneys, Brett H. Klein, Esq., PLLC, complaining of the defendants, respectfully alleges as follows:

### Preliminary Statement

1. Plaintiff brings this action for compensatory damages, punitive damages and attorneys' fees pursuant to 42 U.S.C. §§ 1981, 1983 and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States.

### JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is found upon 28 U.S.C. §§1331 and 1343.

### VENUE

4. Venue is properly laid in the Southern District of New York under 28 U.S.C. §

1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.     Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.     Plaintiff SANTOS GUERRERO is a thirty year old Hispanic American man residing in Bronx, New York.

7.     Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.     Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9.     That at all times hereinafter mentioned, the individually named defendants CHRIS GOUBEAUD, JAMES ROCHE, and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.     That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW

YORK.

## FACTS

12. On March 31, 2014, at approximately 10:30 p.m., plaintiff SANTOS GUERRERO was present inside of 350 East 143rd Street, Bronx, New York, as a lawful guest of Markeith Givens.

13. Plaintiff was present with Mr. Givens and other individuals who resided in the building, when they were approached by two officers, an unidentified officer, and a second officer, believed to be either defendant NYPD Officer CHRIS GOUBEAUD or defendant NYPD Officer JAMES ROCHE.

14. The defendants placed handcuffs on plaintiff's wrists and arrested him without justification.

15. The officers escorted plaintiff out of the building and then, after holding him for 10-15 minutes, released plaintiff from custody.

16. Plaintiff returned to the building to visit Mr. Givens.

17. On April 1, 2014, at approximately 12:30 a.m., as plaintiff was leaving the building after visiting with Mr. Givens, plaintiff was again approached by officers believed to include defendants CHRIS GOUBEAUD and JAMES ROCHE.

18. Despite the fact that plaintiff had been previously stopped and released by CHRIS GOUBEAUD or JAMES ROCHE, and the defendants knew that plaintiff was otherwise lawfully present in the building as an invited guest, defendant officers CHRIS GOUBEAUD and JAMES ROCHE arrested plaintiff for purportedly trespassing.

19. Plaintiff was then imprisoned in a police van and transported to the 40th Police Precinct and imprisoned therein.

20. The defendant officers continued to imprison plaintiff until his arraignment later that day in Bronx County Supreme Court – Criminal Term, on baseless charges filed under docket number 2014BX017110; said charges having been filed based on the false allegations of the defendant officers which were conveyed to the Bronx County District Attorney's Office by defendant CHRIS GOUBEAUD.

21. The defendant officers initiated said prosecution with malice, and otherwise caused said prosecution to be commenced against plaintiff for the purpose of obtaining a collateral objective outside the legitimate ends of the legal process, to wit: to avoid being disciplined for above mentioned abuse of authority.

22. Defendant police officers created and manufactured false evidence which was used against plaintiff in the aforementioned legal proceedings. Specifically, defendant officer CHRIS GOUBEAUD swore to false allegations that plaintiff was trespassing at the aforementioned location, which formed the basis of the criminal charges filed against plaintiff.

23. As a result of the defendant officers' conduct, plaintiff was compelled to return to court on numerous occasions until October 28, 2014, when, on the eve of trial, the Bronx County District Attorney's Office dismissed all charges against plaintiff, conceding they could not prove said charges beyond a reasonable doubt.

24. Defendants CHRIS GOUBEAUD, JAMES ROCHE, and JOHN and JANE DOE 1 through 10 either directly participated in the above illegal acts, failed to intervene in them despite a meaningful opportunity to do so, or supervised and approved of, oversaw, and otherwise participated in the aforementioned misconduct.

25. All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening,

hiring, retaining, training and supervising its employees; and pursuant to customs or practices of unlawfully stopping and falsely arresting individuals for trespassing in New York City Housing Authority (hereinafter "NYCHA") buildings and of falsification by NYPD officers.

26. The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware from lawsuits, such as *Davis, et al. v. City of New York, et al.*, 10 CV 0699 (SAS), notices of claims, complaints filed with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board, and extensive media coverage that many NYPD officers, including the defendants are insufficiently trained in the investigation of purported trespassers, and the probable cause required for making trespass arrests in NYCHA buildings, and that they otherwise engage in a practice of falsification.

27. As for another example, in another civil rights action filed in this Circuit involving false allegations by NYPD officers, Judge Jack B. Weinstein pronounced:

> Informal inquiry by the court and among judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department. . . . [T]here is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city approving illegal conduct of the kind now charged. *Colon v. City of New York, et. al.*, 2009 WL 4263362, *2 (E.D.N.Y. 2009).

28. Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiffs' civil rights.

29. Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice,

defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

30. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

31. All of the aforementioned acts deprived plaintiff SANTOS GUERRERO of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

32. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

33. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

34. As a result of the foregoing, plaintiff SANTOS GUERRERO sustained, *inter alia*, serious physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of his constitutional rights.

## Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

35. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "34" with the same force and effect as if fully set forth herein.

36. Defendants arrested plaintiff SANTOS GUERRERO without probable cause,

causing him to be detained against his will for an extended period of time and subjected to physical restraints.

37. Defendants caused plaintiff SANTOS GUERRERO to be falsely arrested and unlawfully imprisoned.

38. As a result of the foregoing, plaintiff SANTOS GUERRERO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SECOND CAUSE OF ACTION
(Malicious Prosecution under 42 U.S.C. § 1983)

39. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "38" with the same force and effect as if fully set forth herein.

40. Defendants initiated, commenced and continued a malicious prosecution against plaintiff SANTOS GUERRERO.

41. Defendants caused plaintiff SANTOS GUERRERO to be prosecuted without any probable cause until the charges were dismissed on or about October 28, 2014.

42. As a result of the foregoing, plaintiff SANTOS GUERRERO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A THIRD CAUSE OF ACTION
(Violation of Right to Fair Trial under 42 U.S.C. § 1983)

43. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "42" with the same force and effect as if fully set forth herein.

44. Defendants created false evidence against plaintiff SANTOS GUERRERO.

45. Defendants utilized this false evidence against plaintiff SANTOS GUERRERO in legal proceedings.

46. As a result of defendants' creation and use of false evidence, which defendant CHRIS GOUBEAUD conveyed to the Bronx County District Attorney's Office plaintiff SANTOS GUERRERO suffered a violation of his constitutional rights to a fair trial, as guaranteed by the United States Constitution.

47. As a result of the foregoing, plaintiff SANTOS GUERRERO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Malicious Abuse of Process under 42 U.S.C. § 1983)

48. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "47" with the same force and effect as if fully set forth herein.

49. Defendants issued criminal process against plaintiff SANTOS GUERRERO by causing his arrest and prosecution in Bronx County Criminal Court.

50. Defendants caused plaintiff SANTOS GUERRERO to be arrested and prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to avoid investigation of, or discipline for, their abuses of authority, and thereby violated plaintiff's right to be free from malicious abuse of process.

51. As a result of the foregoing, plaintiff SANTOS GUERRERO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive

damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FIFTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

52. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "51" with the same force and effect as if fully set forth herein.

53. Defendants had an affirmative duty to intervene on behalf of plaintiff SANTOS GUERRERO, whose constitutional rights were being violated in their presence by other officers.

54. The defendants failed to intervene to prevent the unlawful conduct described herein.

55. As a result of the foregoing, plaintiff SANTOS GUERRERO'S liberty was restricted for an extended period of time, he was put in fear of his safety, and he was humiliated and subjected to handcuffing and other physical restraints.

56. As a result of the foregoing, plaintiff SANTOS GUERRERO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SIXTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

57. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "56" with the same force and effect as if fully set forth herein.

58. The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

59.     As a result of the foregoing, plaintiff SANTOS GUERRERO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SEVENTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

60.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "59" with the same force and effect as if fully set forth herein.

61.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

62.     The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to, arresting citizens for trespassing in NYCHA buildings without probable cause and then committing perjury and/or manufacturing evidence in an effort to convict such individuals. In addition, the CITY OF NEW YORK engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff SANTOS GUERRERO'S rights as described herein. As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

63.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department constituted deliberate

indifference to the safety, well-being and constitutional rights of plaintiff SANTOS GUERRERO.

64. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff SANTOS GUERRERO as alleged herein.

65. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff SANTOS GUERRERO as alleged herein.

66. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiff SANTOS GUERRERO was unlawfully arrested and maliciously prosecuted.

67. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff SANTOS GUERRERO'S constitutional rights.

68. All of the foregoing acts by defendants deprived plaintiff SANTOS GUERRERO of federally protected rights, including, but not limited to, the right:

  A. Not to be deprived of liberty without due process of law;

  B. To be free from false arrest/unlawful imprisonment;

  C. To be free from the failure to intervene;

  D. To be free from malicious prosecution;

  E. To be free from deprivation of his right to fair trial;

  F. To be free from malicious abuse of process; and

  G. To be free from supervisory liability.

69. As a result of the foregoing, plaintiff SANTOS GUERRERO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff SANTOS GUERRERO demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount to be determined by a jury;

(B) punitive damages against the individual defendants in an amount to be determined by a jury;

(C) reasonable attorneys' fees and the costs and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: Brooklyn, New York
January 22, 2016

                BRETT H. KLEIN, ESQ., PLLC
                Attorneys for Plaintiff SANTOS GUERRERO
                305 Broadway, Suite 600
                New York, New York 10007
                (212) 335-0132

By: _____
      BRETT H. KLEIN (BK4744)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X

SANTOS GUERRERO,

                                              Plaintiff,

                                              Docket No.

      -against-

CITY OF NEW YORK, CHRIS GOUBEAUD, Individually,
JAMES ROCHE, Individually, and JOHN and JANE DOE 1
through 10, Individually, (the names John and Jane Doe being
fictitious, as the true names are presently unknown),

                                              Defendants.

-------------------------------------------------------------------------X

# COMPLAINT

**BRETT H. KLEIN, ESQ., PLLC**
Attorneys for the Plaintiff
305 Broadway, Suite 600
New York, New York 10007
(212) 335-0132