UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SANTOS GUERRERO,

                         Plaintiff,

-v-

CITY OF NEW YORK, *et al.*,

                         Defendants.

16-CV-516 (JPO)

OPINION AND ORDER

J. PAUL OETKEN, District Judge:

Santos Guerrero brings this action under 42 U.S.C. § 1983 against Defendants the City of New York, Chris Goubeaud, James Roche, Andrew Freeman, Edward McDonough, and Does 1-10, alleging that he was falsely arrested in early 2014. (Dkt. No. 19 ("Compl.").) Defendants move to dismiss several of Guerrero's claims. For the reasons that follow, the motion is granted in part and denied in part.

**I.    Background**

The following facts are taken from the operative complaint and are presumed true for the purposes of this motion.

On the night of March 31, 2014, Guerrero visited a friend at 350 East 143rd Street in the Bronx, New York. (Compl. ¶ 12.) Guerrero was approached by Defendants Roche and McDonough, who placed him in handcuffs, held him for ten to fifteen minutes, and released him. (*Id.* ¶¶ 13-15.) Around 12:30 a.m. on April 1, 2014, as Guerrero was leaving the building, he was approached by Defendants Roche, Goubeaud, and Freeman, who arrested him for trespassing. (*Id.* ¶¶ 17-18.) Guerrero was transported in a police van to a police precinct where he was held until his arraignment later that day. (*Id.* ¶¶ 19-20.) Guerrero alleges that Defendants manufactured false evidence that was used against him in legal proceedings following his arrest. (*Id.* ¶ 22.) All charges against Guerrero were dismissed on October 28, 2014. (*Id.* ¶ 23.)

1

Guerrero initiated this lawsuit on January 22, 2016, and filed the operative complaint on August 15, 2016. (Dkt. No. 1; Compl.) He brings seven causes of action: false arrest, malicious prosecution, violation of the right to a fair trial, malicious abuse of process, failure to intervene, supervisory liability, and municipal liability. (Compl. ¶¶ 35-69.) Defendants move to dismiss in part. (Dkt. No. 32.)

## II. Legal Standard

In considering a motion to dismiss for failure to state a claim, the Court accepts as true all allegations in the complaint and draws all reasonable inferences in Plaintiff's favor. *Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006). To survive a motion to dismiss, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## III. Discussion

Defendants move to dismiss Guerrero's claims for malicious abuse of process, failure to intervene, supervisory liability, and municipal liability.[1] (Dkt. No. 33 at 1.) Defendants do not (at this stage) challenge Guerrero's claims for false arrest and malicious prosecution. (*Id.* at 1 n.1.)

As a threshold matter, Guerrero voluntarily withdraws his claims for malicious abuse of process and supervisory liability. (Dkt. No. 39 at 1 n.1.) Accordingly, the Court addresses only Guerrero's claims for municipal liability and failure to intervene.

---

[1] Though Defendants contend that Guerrero's claim for denial of the right to a fair trial fails as a matter of law (Dkt. No. 33 at 1), they fail to make arguments specific to this claim in their brief. Accordingly, the motion to dismiss is denied as to that claim.

### A. Municipal Liability

"It is axiomatic that municipalities cannot be held liable pursuant to § 1983 on a *respondeat superior* theory." *Betts v. Shearman*, No. 12 Civ. 3195, 2013 WL 311124, at *15 (S.D.N.Y. Jan. 24, 2013) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978)). "[T]o hold a city liable under [Section] 1983 for the unconstitutional actions of its employees, a plaintiff is required to plead and prove three elements: (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." *Betts v. Rodriquez*, No. 15 Civ. 3836, 2016 WL 7192088, at *5 (S.D.N.Y. Dec. 12, 2016) (alteration in original) (quoting *Wray v. City of N.Y.*, 490 F.3d 189, 195 (2d Cir. 2009)); *see also Monell*, 436 U.S. at 690-91 ("[A]lthough the touchstone of the § 1983 action against a government body is an allegation that official policy is responsible for a deprivation of rights protected by the Constitution, local governments . . . may be sued for constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels.").

"[A] municipality can be liable for failing to train its employees where it acts with deliberate indifference in disregarding the risk that its employees will unconstitutionally apply its policies without more training." *Amnesty Am. v. Town of W. Hartford*, 361 F.3d 113, 129 (2d Cir. 2004) (citing *City of Canton v. Harris*, 489 U.S. 378, 387-90 (1989)). To allege liability under a failure-to-train theory, a plaintiff must "establish not only that the officials' purported failure to train occurred under circumstances that could constitute deliberate indifference, but also that plaintiffs identify a specific deficiency in the city's training program and establish that that deficiency is 'closely related to the ultimate injury,' such that it 'actually caused' the constitutional deprivation." *Id.* (quoting *City of Canton*, 489 U.S. at 391).

Here, Guerrero alleges both that the City has a custom or policy of unlawfully stopping and falsely arresting individuals for trespassing in New York City Housing Authority ("NYCHA") buildings and falsifying evidence in connection with those arrests, *and* that the City inadequately screens, hires, trains, and supervises its employees for issues relating to such arrests. (Compl. ¶ 25.)

As regards Guerrero's first theory of *Monell* liability, he has pleaded enough to plausibly allege liability. The complaint describes how Guerrero's experience "is not an isolated incident." (Compl. ¶ 26.) It goes on to describe "lawsuits, . . . notices of claims, complaints filed with the NYPD's Internal Affairs Bureau, and the . . . Civilian Complaint Review Board, and extensive media coverage," all of which show "that many NYPD officers, including the defendants are insufficiently trained in the investigation of purported trespassers, and the probable cause required for making trespass arrests in NYCHA buildings, and that they otherwise engage in a practice of falsification." (*Id.*)

The Complaint, moreover, cites two cases in this Circuit where the practices alleged by Guerrero served as predicates for potential *Monell* liability, one involving trespass enforcement policies around NYCHA buildings and the other involving falsification of evidence. *See Davis v. City of N.Y.*, 959 F. Supp. 2d 324, 355 (S.D.N.Y. 2013) ("In sum, based on plaintiffs' documentary and testimonial evidence, as well as [an expert's] opinions, a reasonable juror could conclude that the City has engaged in a practice of making unconstitutional stops and arrests in and around NYCHA buildings as part of its trespass enforcement practices, and that this practice is sufficiently persistent and widespread to serve as a basis for *Monell* liability."); *Colon v. City of N.Y.*, No. 09 Civ. 8, 2009 WL 4263362, at *2 (E.D.N.Y. Nov. 25, 2009) ("Informal inquiry by the court and among the judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting

police officers of the New York City Police Department. Despite numerous inquiries by commissions and strong reported efforts by the present administration . . . there is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city approving illegal conduct of the kind now charged.").

Accepting as true all allegations in the Complaint and drawing all reasonable inferences in Guerrero's favor, these allegations support, "at least circumstantially," the inference that the City performs the policies or customs alleged—and are thus sufficient to support a *Monell* claim at the motion-to-dismiss stage. *Zherka v. City of N.Y.*, 459 F. App'x 10, 12 (2d Cir. 2012) (quoting *Zahra v. Town of Southold*, 48 F.3d 674, 685 (2d Cir. 1995)); *see also Caplaw Enters.*, 448 F.3d at 521. "It may well be the case that the decision to [engage in the complained-of actions] was made and implemented by several rogue officers, but there is no way for this Court to determine whether a policy is in place until Plaintiff is permitted to take discovery." *Cantey v. City of N.Y.*, No. 10 Civ. 4043, 2012 WL 6771342, at *5 (S.D.N.Y. Dec. 11, 2012).

As for Guerrero's failure-to-train theory of liability, he has not carried his burden at this stage. Guerrero has not identified any *specific deficiency* in the city's training that *actually caused* his constitutional deprivation. *See Amnesty Am.*, 361 F.3d at 129. Though he alleges that the pattern of violations resulted from the City's "inadequate screening, hiring, retaining, training and supervising" of its employees (Compl. ¶ 25), he does not describe that screening, hiring, retaining, training, and supervising with sufficient specificity to explain how it is closely connected to his ultimate injury.

While Guerrero has adequately pleaded the existence of a potential policy or custom of misconduct in connection with arrests and prosecutions for trespass, which entitles him to discovery on his *Monell* claim, he has not sufficiently connected it to the City's hiring and training practices to justify discovery in that regard.

B.  **Failure to Intervene**

Defendants also move to dismiss Guerrero's failure to intervene claim. (Dkt. No. 33 at 14.)

"It is widely recognized that all law enforcement officials have an affirmative duty to intervene to protect the constitutional rights of citizens from infringement by other law enforcement officers in their presence." *Anderson v. Branen*, 17 F.3d 552, 557 (2d Cir. 1994). "Liability may attach only when (1) the officer had a realistic opportunity to intervene and prevent the harm; (2) a reasonable person in the officer's position would know that the victim's constitutional rights were being violated; and (3) the officer does not take reasonable steps to intervene." *Jean-Laurent v. Wilkinson*, 540 F. Supp. 2d 501, 512 (S.D.N.Y. 2008) (citing *O'Neill v. Krzeminski*, 839 F.2d 9, 11-12 (2d Cir. 1988)), *aff'd sub nom. Jean-Laurent v. Wilkerson*, 461 F. App'x 18 (2d Cir. 2012).

Guerrero has adequately pleaded liability under a failure to intervene theory. He alleges that Defendant McDonough was present when he was initially stopped and that Defendants Goubeaud, Roche, and Freeman were present during his second arrest. (Compl. ¶¶ 12-17.) Guerrero alleges that although he was lawfully present on the premises—something of which Defendants were made aware—he was nonetheless arrested and prosecuted for trespassing. (*Id.* ¶¶ 18-22.) Given that Defendants do not challenge Guerrero's claims for false arrest and malicious prosecution, and that Guerrero has alleged Defendants' involvement in the conduct underlying those claims, he has adequately pleaded his failure to intervene claim. *See Matthews v. City of N.Y.*, 889 F. Supp. 2d 418, 444 (E.D.N.Y. 2012) ("Because plaintiffs properly allege at least one constitutional violation, plaintiffs are entitled to discovery to determine which officers participated directly in the alleged constitutional violations and which officers were present and failed to intervene.").

Defendants argue that the failure to intervene claim should be dismissed because the Defendants against whom this claim is alleged are also alleged to have engaged in the false arrest itself. (Dkt. No. 33 at 15.) Though a failure to intervene theory of liability is inapplicable where a defendant is a direct participant in the alleged primary violation, at this stage, these two claims may be pleaded in the alternative. *See Buchy v. City of White Plains*, No. 14 Civ. 1806, 2015 WL 8207492, at *3 (S.D.N.Y. Dec. 7, 2015); *see also, e.g.*, *Cumberbatch v. Port Auth. of N.Y. and N.J.*, No. 03 Civ. 749, 2006 WL 3543670, at *11 (S.D.N.Y. Dec. 5, 2006) ("The Court will . . . construe these claims as pleading in the alternative . . . the Officers either used excessive force, or one or both of them failed to intervene while another officer used excessive force.").

## IV. Conclusion

For the foregoing reasons, Defendants' motion is GRANTED IN PART and DENIED IN PART. Defendants shall answer the remaining claims by June 13, 2017.

The Clerk of Court is directed to close the motion at Docket Number 32.

SO ORDERED.

Dated: May 23, 2017
New York, New York

_____
J. PAUL OETKEN
United States District Judge