UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x

SANTOS GUERRERO,

                                          Plaintiff,

              -against-

CITY OF NEW YORK, ET AL.,

                                  Defendants.

---------------------------------------------------------x

No. 16-cv-516 (JPO)

**ANSWER**
**TO AMENDED COMPLAINT**

JURY TRIAL DEMANDED

Defendants The City of New York, Chris Goubeaud, James Roche, Andrew Freeman and Edward McDonough by their attorney, Zachary W. Carter, Corporation Counsel of the City of New York, as and for their answer to plaintiff's Amended Complaint, filed August 15, 2016, respectfully:

        1.      Deny the allegations in paragraph "1" of the Amended Complaint, except admit that plaintiff has commenced an action as stated therein.

        2.      Deny the allegations in paragraph "2" of the Amended Complaint, except admit that plaintiff has commenced an action as stated therein.

        3.      Deny the allegations in paragraph "3" of the Amended Complaint, except admit that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

        4.      Deny the allegations in paragraph "4" of the Amended Complaint, except admit that plaintiff purports to base venue in this district as stated therein.

        5.      State that the allegations in paragraph "5" of the Amended Complaint are not averments of fact to which a response is required.

        6.      Deny knowledge or information sufficient to form a belief as to the truth of

the allegations in paragraph "6" of the Amended Complaint.

       7.      Admit the allegations in paragraph "7" of the Amended Complaint.

       8.      Deny the allegations in paragraph "8" of the Amended Complaint, except admit that the City maintains a police department and respectfully refer the Court and plaintiff to the New York City Charter and the Administrative Code for a recitation of the relationship between the City and the NYPD.

       9.      Deny the allegations in paragraph "9" of the Amended Complaint, except admit that on March 31, 2014 and April 1, 2014, Goubeaud, Roche and McDonough were employed by the City as police officers, and state that the allegations that the officers acted under the supervision of the NYPD and according to their official duties are legal conclusions to which no response is required.

     10.      State that the allegations in paragraph "10" of the Amended Complaint are legal conclusions to which no response is required.

     11.      Deny the allegations in paragraph "11" of the Amended Complaint.

     12.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "12" of the Amended Complaint, except admit that on March 31, 2014, plaintiff was present inside of 350 East 143rd Street, Bronx, New York.

     13.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "13" of the Amended Complaint, except admit that plaintiff was approached by James Roche and Edward McDonough.

     14.      Deny the allegations in paragraph "14" of the Amended Complaint.

     15.      Deny the allegations in paragraph "15" of the Amended Complaint.

     16.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "16" of the Amended Complaint, except admit that plaintiff returned to

the building.

17.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "17" of the Amended Complaint, except admit that Roche, Goubeaud and Freeman encountered plaintiff in a stairwell of the building.

18.   Deny the allegations in paragraph "18" of the Amended Complaint, except admit that plaintiff was placed under arrest for tresspass.

19.   Deny the allegations in paragraph "19" of the Amended Complaint, except admit that plaintiff was taken to the 40th precinct by automobile.

20.   Deny the allegations in paragraph "20" of the Amended Complaint.

21.   Deny the allegations in paragraph "21" of the Amended Complaint.

22.   Deny the allegations in paragraph "22" of the Amended Complaint.

23.   Deny the allegations in paragraph "23" of the Amended Complaint.

24.   Deny the allegations in paragraph "24" of the Amended Complaint.

25.   Deny the allegations in paragraph "25" of the Amended Complaint.

26.   Deny the allegations in paragraph "26" of the Amended Complaint.

27.   Deny the allegations in paragraph "27" of the Amended Complaint, except refer to the decision cited for a recitation of its contents.

28.   Deny the allegations in paragraph "28" of the Amended Complaint.

29.   Deny the allegations in paragraph "29" of the Amended Complaint.

30.   State that the allegations in paragraph "30" of the Amended Complaint are legal conclusions to which no response is required.

31.   Deny the allegations in paragraph "31" of the Amended Complaint.

32.   State that the allegations in paragraph "32" of the Amended Complaint are legal conclusions to which no response is required.

33.     Deny the allegations in paragraph "33" of the Amended Complaint.

34.     Deny the allegations in paragraph "34" of the Amended Complaint.

35.     In response to the allegations in paragraph "35" of the Amended Complaint, defendants repeat the responses set forth in the previous paragraphs.

36.     Deny the allegations in paragraph "36" of the Amended Complaint.

37.     Deny the allegations in paragraph "37" of the Amended Complaint.

38.     Deny the allegations in paragraph "38" of the Amended Complaint.

39.     In response to the allegations in paragraph "39" of the Amended Complaint, defendants repeat the responses set forth in the previous paragraphs.

40.     Deny the allegations in paragraph "40" of the Amended Complaint, and state that this cause of action has been dismissed.

41.     Deny the allegations in paragraph "41" of the Amended Complaint, and state that this cause of action has been dismissed.

42.     Deny the allegations in paragraph "42" of the Amended Complaint, and state that this cause of action has been dismissed.

43.     In response to the allegations in the second paragraph "43" of the Amended Complaint, defendants repeat the responses set forth in the previous paragraphs.

44.     Deny the allegations in paragraph "44" of the Amended Complaint.

45.     Deny the allegations in paragraph "45" of the Amended Complaint.

46.     Deny the allegations in paragraph "46" of the Amended Complaint.

47.     Deny the allegations in paragraph "47" of the Amended Complaint.

48.     In response to the allegations in the paragraph "48" of the Amended Complaint, defendants repeat the responses set forth in the previous paragraphs.

49.     Deny the allegations in paragraph "51" of the Amended Complaint, except

admit that Chris Goubeaud arrested plaintiff and swore out a criminal complaint against him. Further state that this claim has been dismissed.

50.     Deny the allegations in paragraph "50" of the Amended Complaint, and further state that this claim has been dismissed.

51.     Deny the allegations in paragraph "51" of the Amended Complaint, and further state that this claim has been dismissed.

52.     In response to the allegations in paragraph "52" of the Amended Complaint, defendants repeat the responses set forth in the previous paragraphs.

53.     Deny the allegations in paragraph "53" of the Amended Complaint.

54.     Deny the allegations in paragraph "54" of the Amended Complaint.

55.     Deny the allegations in paragraph "55" of the Amended Complaint.

56.     Deny the allegations in paragraph "56" of the Amended Complaint.

57.     In response to the allegations in paragraph "57" of the Amended Complaint, defendants repeat the responses set forth in the previous paragraphs.

58.     Deny the allegations in paragraph "58" of the Amended Complaint, and further state that this claim has been dismissed.

59.     Deny the allegations in paragraph "59" of the Amended Complaint, and further state that this claim has been dismissed.

60.     In response to the allegations in paragraph "60" of the Amended Complaint, defendants repeat the responses set forth in the previous paragraphs.

61.     Deny the allegations in paragraph "61" of the Amended Complaint.

62.     Deny the allegations in paragraph "62" of the Amended Complaint, and further state that plaintiff's failure to screen, hire, retain, train and supervise theories have been dismissed.

63.     Deny the allegations in paragraph "63" of the Amended Complaint.

64.     Deny the allegations in paragraph "64" of the Amended Complaint.

65.     Deny the allegations in paragraph "65" of the Amended Complaint.

66.     Deny the allegations in paragraph "66" of the Amended Complaint.

67.     Deny the allegations in paragraph "67" of the Amended Complaint.

68.     Deny the allegations in paragraph "68" of the Amended Complaint.

69.     Deny the allegations in paragraph "69" of the Amended Complaint.

### FIRST AFFIRMATIVE DEFENSE

70.     The Amended Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

71.     Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United State or the State of New York or any political subdivision thereof, nor have defendants violated any act of Congress providing for the protection of civil rights.

### THIRD AFFIRMATIVE DEFENSE

72.     Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or the culpable or negligent conduct of third parties, and was not the proximate result of any act of defendants.

### FOURTH AFFIRMATIVE DEFENSE

73.     There was probable cause to arrest plaintiff.

### FIFTH AFFIRMATIVE DEFENSE

74.     If plaintiff was stopped by NYPD officers, they had reasonable suspicion and/or probable cause to do so.

## SIXTH AFFIRMATIVE DEFENSE

75.     The plaintiff failed to mitigate his alleged damages.

## SEVENTH AFFIRMATIVE DEFENSE

76.     Defendants Goubeaud, Roche, Freeman and McDonough acted reasonably in the proper and lawful exercise of their discretion and did not violate any clearly established constitutional or statutory right of which a reasonable person would have known, and, therefore, are entitled to qualified immunity.

## EIGHTH AFFIRMATIVE DEFENSE

77. To the extent that the Amended Complaint alleges any claims arising under the laws of the State of New York, such claims may be barred in whole or in part by reason of plaintiff's failure to comply with the requirements of the New York General Municipal Law, §§ 50-e, 50-h and/or 50-i.

## NINTH AFFIRMATIVE DEFENSE

78.     At all times relevant to the acts alleged in the Amended Complaint, the duties and functions of municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion.  Therefore, the City has governmental immunity from liability under state law.

## TENTH AFFIRMATIVE DEFENSE

79.     The individual defendant are immune from suit under state law for their exercise of discretion in the performance of a governmental function and/or their exercise of professional judgment.

**WHEREFORE,** defendants The City of New York, Chris Goubeaud, James Roche, Andrew Freeman and Edward McDonough demand judgment dismissing the Amended Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

DATED:    New York, New York          Respectfully submitted,
               June 12, 2017

ZACHARY W. CARTER
Corporation Counsel
of the City of New York
*Attorney for Defendants*
100 Church Street, Room 3-215
New York, New York  10007
(212) 356-2335
efudim@law.nyc.gov

By: /s_____

     Elissa Fudim

- 8 -